Reese, J.
delivered the opinion of the court.
The record in this case presents us with two copies of the indictment, one taken from the minutes of the Circuit Court record, the other from the original indictment on file with the endorsements.
The first copy does not contain the endorsement which was made upon the bill, to wit: “a true bill, Samuel Seay foreman of the grand jury.” The latter copy from the. indictment on file, does contain that endorsement. The entry of the finding of the indictment by the grand jury, and its reception by the court is as follows: “The grand jury return here into open court a bill of indictment against George Brown, in the words and figures following,' to wit: State of Tennessee, Davidson county,” &c., (here follows the indictment itself,) and when you add the endorsement on the second copy, “a true bill, Samuel Seay foreman,” &c, you have the identical case, made in the case of Calhoun vs. The State, except that in the latter case the words, “a true bill, &c.,” weré taken irom the record of the minutes, and the same words in the case before us are taken from the record of the indictment itself on file. The statute requiring indictments in cases of felony to be spread upon the minutes proceeds upon cautionary and conservative grounds, because some indictments had been lost, and not with a view *156 to affix a higher or an exclusive verity to the record from the minutes, which is indeed a copy by the clerk from the original. And if there were any difference between them, both being in existence, perhaps the greater faith would be conceded to the original. But be it as it may, the indictment itself with its in-dorsements, does not cease to be a record of the court in consequence of that statute.
The question then is, does the record in the case before us, in view of the decisions of this court sufficiently show'the finding of the bill of indictment by the grand jury and its return into court?
In the case of Chapell vs. The State, 8 Yerg. R. 170, there was no entry whatever of the return of the bill of indictment into court, the bill of indictment itself, with the indorsement upon it, “a true bill,” constituting the entire evidence of its having been found and returned. The court in that case remarks that “the accusation against the defendant is complete in form by the face of the indictment, and the indorsement on it of “a true bill,” signed officially by the foreman of the grand jury; which indorsement, when the indictment is returned into court, received and filed, becomes part of the indictment,” and at the close of the case, it is added; “no evidence existing that the present bill of indictment was found by the grand jury, the defendant could not be legally tried upon it, nor can he be punished more than if the indictment had not been found a true bill, and merely filed by the solicitor.”
The principle of the case seems to be, that there must be an entry of record, showing that the bill was returned by the grand jury into open court, and when so returned and filed, the indorsement upon it become a part of the indictment. A form of entry, however, is given in the opinion of the court and approved, which states not only the fact of such return into open court, but the character of the finding, to wit: “a true bill,” but the principle of the case and the reasoning of the court, do not make this appear to be necessary, otherwise than by the in-dorsement upon the bill of indictment. In the case of Blevins vs. The State, Meigs 83, the court remarks, that “although wc adhere to the principle settled in the case of Chappell vs. The *157 State, yet, we concur with the Attorney General, that it goes to the very verge of the law.” In the case of Calhoun vs. The State, the entry as in this case, showed that the indictment was returned by the grand jury into open court, and the recording of the verdict upon the minutes, showed that it was received and filed by the court, as is shown in the'same mode in this case. In the former case the character of the finding was shown by a copy of the indorsement on the minutes. In this case by a copy of the indorsement from the original indictment itself. This case, therefore, falls within the principle,of the case in 8 Yerg., itself, (if not within the formula suggested) and that case we have seen, has been said to have gone to the very verge of the law. And it is in all points of legal importance, identical with the case of Calhoun vs. The State.
The charge of His Honor, the Judge to the jury, has been made the subject of some criticism, and is alledged to be in some decree erroneous. If this were true, which we do not think of any isolated statement which has been specified, it is not true of the charge taken as a whole.
Nor do we perceive that His Honor, the Judge trenched upon the province of the jury, or improperly threw the weight of his opinion’s into the scale against the prisoner.
Let the judgment be affirmed.